## H. L. REED v. THE STATE.

No. 14607.   Delivered March 23, 1932.
State's Rehearing Denied May 4, 1932.

The opinion states the case.

*Loftin & Hall,* of Henrietta, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder by abortion; the punishment, confinement in the penitentiary for five years.

Appellant was a physician and surgeon in Clay county. Deceased, Jeffie Longley, was a married woman. Accompanied by her sister, deceased went to appellant's office. According to the testimony of the sister, deceased had already made arrangements "for what she wanted done and he (appellant) knew." The sister said: "He asked her if she would pay him any money down. She paid him ten dollars and he put her on the operating table." She said, in effect, that deceased told appellant she wanted an operation which would bring about an abortion. This witness further testified that at the time appellant had several instruments, and that he inserted these into the private parts of deceased; that after this they went home; that a few days later they returned to the office of appellant; that he again inserted instruments into deceased's private parts; that a third trip was made to the office of appellant; that a few days later deceased suffered a miscarriage, giving birth to a child which was developed to the extent that its sex could be determined; that

deceased developed a high fever, and died in a few days. Deceased was moved to a hospital, where she was treated until her death. The physician who waited on deceased testified that the immediate cause of her death was diffused peritonitis. They stated that several things might cause peritonitis. They said that the use of a darning needle by a woman in an effort to produce an abortion could cause peritonitis. They further testified that the treatment used by appellant at the time it was alleged he performed the unlawful operation on deceased was proper for an inflamed condition of the vagina. These physicians said they had not been advised while treating the deceased that she had had a miscarriage. The husband of deceased testified that deceased stated to him shortly before her death that appellant had placed her on a table in his office and inserted instruments into her private parts. We quote from the testimony of this witness as follows: "She told me something with reference to her condition and what caused this. She told me what she had gone through with. She told me about going to Doctor Reed and what he had done. She told me that she went to him and that—she told me what he done. How she was placed on the table, and the instruments he inserted and the pack he put in there to cause the death of a child and she went ahead and told them about after it didn't do the work she went back twice more and the same thing followed two different times after that."

"It appears from the record that no physician was present when the miscarriage occurred. No physician ever saw the baby, it appearing, according to the testimony of state's witnesses, that it was buried in the yard of deceased's home.

Appellant testified that at the time deceased came to him she was suffering from an inflamed condition of the vagina; that the treatment he gave her was to reduce the inflamed condition; that he placed gauze in her private parts; that the only instruments he used were instruments for the placing of the gauze; that he had no intention of producing an abortion on deceased, and performed no operation that would produce an abortion. Appellant's wife was present at the time, and gave testimony corroborating appellant's version of the transaction. Appellant testified, further, that deceased told him when she came to his office that she had used a darning needle on herself, which had caused the inflamed condition of her private parts. A witness for appellant testified that she had seen deceased prior to the time she went to the doctor's office, and that she had told her that she had used a darning needle on herself and that she was so sore she could hardly walk.

Appellant timely and properly objected to the charge of the court for its failure to embrace an instruction covering the law of circumstantial evidence. The opinion is expressed that the objection was well taken. All of the physicians testified that deceased died from diffused peritonitis.

They stated that several conditions might bring about peritonitis, among them being the puncturing of the womb with a darning needle. The dying declaration furnished no direct evidence that appellant was guilty of the offense charged. The main fact was proved as a matter of inference from other facts in evidence. Hence the case rested wholly, in a legal sense, upon circumstantial evidence. Branch's Annotated Penal Code, sec. 1873; Early v. State, 50 Texas Crim. Rep., 344, 97 S. W., 82.

Appellant timely and properly objected to the charge of the court because of its failure to submit an instruction to the effect that the jury should acquit appellant if they had a reasonable doubt as to whether the abortion, if any, was produced by deceased's use of a darning needle on herself. The charge should have been amended in response to the objection. It does not appear that this defense was pertinently submitted in the main charge. The court merely instructed the jury that if they believed that the abortion was produced by deceased or any other person to acquit appellant. Jackson v. State, 55 Texas Crim. Rep., 79, 115 S. W., 263, 131 Am. St. Rep., 792.

The testimony objected to as shown in bill of exception No. 6 should not be permitted to go to the jury upon another trial, as it constitutes an improper impeachment of appellant's wife.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The state has filed a motion for rehearing in which it is insisted that our former opinion is erroneous in holding that a charge on circumstantial evidence was called for. The motion was supplemented by oral argument in support thereof. The point urged has made it necessary for us to re-examine the entire statement of facts. After having done this the conclusion originally reached is still thought to be correct.

The motion for rehearing is overruled.

*Overruled.*